Brockenbbough, J.
The first question is, whether this is an authenticated copy ? It is not authenticated according to the provisions of the act of congress. But, though that act prescribes a convenient method for the authentication of copies of wills proved in other states, and offered for probat here, and this court has, in various instances, adjudged that copies of wills authenticated according thereto shall be admitted to record; yet the court is unanimously of opinion, that the act of congress does not furnish the exclusive rule in such cases, and that a copy of a will authenticated according to the rules of the common law should be held duly authenticated. In the present case, the copy of the will has the seal of the judge of probat; and the governor of the state, under the seal of the state, has certified that he was the judge, and that full faith and credit is due to his signature as such. The seal of the court of a foreign country requires proof; hut the seal of the sovereign power of a nation proves itself, and gives authenticity to instruments certified under it. Therefore, this instrument is duly authenticated.
The next and most important question is, whether, under the statute of wills, an authenticated copy of a will, proved *818 according to the laws of one of the United States, or of a foreign country, must, when produced and offered here for probat, still be proved by witnesses, in open court, or under a commission emanating from our court of probat, under the provision of the statute, that “ the proof to be made by the witnesses .shall be conformed to th,e nature of the case.” If this were a new question; douhts might be entertáined concerning the proper construction of the statute; and a difference of opinion has frequently manifested itself/ and now exists in this court, on the subject. But that law, as it is now written, has existed for nearly forty-two years; and it is believed, there is not a single instance in which the testimony of witnesses in this court, or obtained by virtue of a dedimus potestatem issuing hence, has been required, to admit any will to probat. In one instance, after admitting the. will to probat as a will of personal estate, the court did issue a commission to take the depositions of the subscribing witnesses; but the commission has never been executed, and the will (Bacon's will) has not been admitted as a will of real estate. It is, however, understood to be the settled construction of the statute, that when the authenticated copy is produced, if it shews that the will has been so proved in a foreign court, as that if proved in like manner by witnesses here, it could only be admitted as a will of personalty, it shall be'so admitted here; but, if the evidence taken in the foreign court, be such that, if taken in- this, court, it would be sufficient to establish it as a will of lands, it shall be admitted to probat here also as a will of lands. It is not necessary to decide, whether, a certificate given by a foreign court (without spreading the evidence itself on the record) which shews that such was the evidence there, will be sufficient or not, for the admission of the will to pro-bat here, as a will of lands. In this case, there is no doubt. This was an olograph will, proved as such by two witnesses in the court of probat of Louisiana, and their evidence is set forth. Such evidence given here to prove an original will, would be amply sufficient to admit the will to probat, *819 generally: and while all of us are of opinion that this will should be admitted to probat as a will of personalty, a large majority are of opinion that it should be admitted to probat as a will of real estate also.
Judges TJpshur, Lomax, R. B. Taylor, and Duncan dissented from so much of the opinion as declared the will properly proved as a will of lands, and therefore from the sentence admitting it to probat and record generally : these judges held, that it ought to be admitted to probat and record, as a will of personal estate only.
Sentence—That the copy of the will should be admitted to próbat and record generally.